FILED
DEC - 3 2008
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

**UNITED STATES OF AMERICA** )
)
**v.** ) **Case No. 1:08cr12**
)
**LINDA WOOLF, and** )
**DAVID GENGLER** )

**ORDER**

The matter came before the Court for a hearing on the government's notice, pursuant to Rule 404(b), Fed. R. Evid., of its intent to offer evidence of uncharged wrongdoing by defendant Linda Woolf (Docket No. 107). Specifically, the government moved *in limine* for admission of prior training received by Woolf that informed her of the potential dangers and illegality of making unsubstantiated claims during seminar lectures about customer success rates and expected rates of return. Gov't Notice at 1, 12. Defendant Woolf opposed the government's motion, arguing that the evidence in question related to a civil investigation by the Federal Trade Commission ("FTC") that did not name Woolf in any pleadings or filings.

During the course of the hearing, the government represented its intention to offer evidence that Woolf attended bi-weekly training sessions in 2000 and 2001 that the now-defunct Wade Cook Seminars, Inc. ("Wade Cook") held for the purpose of educating its seminar speakers, which included Woolf, about the potential dangers and illegality of making unsubstantiated claims during seminar lectures. In particular, the government represented that it intends to offer witness testimony that Woolf attended those training sessions and was warned not to make misrepresentations during her own instructional seminars concerning success rates and expected rates of return. The

government indicated that it intends to offer this evidence for the limited purpose of showing Woolf's knowledge and intent, and it represented further that it does not intend to offer evidence of the FTC investigation.

Evidence that Woolf personally attended training sessions held by Wade Cook at which she was informed about the dangers of making unsubstantiated claims about expected rates of return or customer success rates is not evidence of Woolf's prior "crimes, wrongs, or acts" as defined by Rule 404(b). Rather, it is relevant and admissible evidence of notice, knowledge, and intent. *See* Rules 401, 402, Fed. R. Evid. And although the government represented that it does not intend to offer testimony that Wade Cook held the training sessions as part of the resolution to an FTC investigation, it appears that the probative value, if any, of reference to an ongoing, civil FTC investigation may be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" pursuant to Rule 403, Fed. R. Evid. Finally, the specific evidence offered by the government—*i.e.*, the content and context of the warnings given to Woolf—must in any event meet relevance and Rule 403 requirements when offered at trial.

Accordingly, for the reasons stated from the Bench, and for good cause,

It is hereby **ORDERED** that the government's motion is **GRANTED IN PART**, insofar as the government is able to adduce evidence that training sessions attended by Woolf at Wade Cook offered instruction not to make unsubstantiated claims regarding expected rates of return and customer success rates, and the government's motion is **DENIED** in all other respects.

It is further **ORDERED** that insofar as defendant has outstanding concerns about the relevance of the evidence that the government intends to offer about the Wade Cook training sessions and Woolf's attendance at those sessions, defendant may file an appropriate motion for

reconsideration by 5:00 p.m., Thursday, December 4, 2008, and if defendant does so, the government must file a response by 5:00 p.m., Friday, December 5, 2008. Thereafter, an Order will issue clarifying this ruling to the extent necessary.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
December 3, 2008

/s/
**T. S. Ellis, III**
**United States District Judge**