```
                                          F I L E D
                                       DEC - 3 2008
                                   CLERK, U.S. DISTRICT COURT
                                      ALEXANDRIA, VIRGINIA
```

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:08cr12 |
| | ) | |
| LINDA WOOLF, and | ) | |
| DAVID GENGLER | ) | |

## ORDER

The matter came before the Court for a hearing on defendants' joint motion *in limine* to preclude use of guilt-assuming hypotheticals during the government's cross examination of defendants' character witnesses (Docket No. 105). The government responded that it does not intend to offer such evidence, but the government also noted (i) its concern that defendants' character witnesses may not be relevant; and (ii) that the government may seek to question any defense character witnesses on cross examination regarding relevant specific instances of conduct by defendants, pursuant to Rule 405(a), Fed. R. Evid . In reply, defendants requested pretrial disclosure of those specific instances of conduct about which the government intends to inquire on cross examination of defendants' character witnesses.

During the course of the hearing, the government confirmed that it did not intend to pose hypotheticals to any defense character witnesses that assume defendants' guilt of the crimes charged in this matter. The government also confirmed its intention to ask potential defense character witnesses questions on cross examination about relevant specific instances of conduct, pursuant to Rule 405(a).

It is clear that the government may not pose hypothetical questions during cross examination

-1-

of defendants' character witnesses that assume defendants' guilt on the crimes charged in this matter. *See United States v. Mason*, 993 F.2d 406, 408 (4th Cir. 1993). But it is also clear that the government may inquire during cross examination of defendants' character witnesses into relevant specific instances of conduct, pursuant to Rule 405(a). *See United States v. Siers*, 873 F.2d 747, 749 (4th Cir. 1989). Pretrial disclosure of those specific instances of conduct, however, is unnecessary, as such disclosure would provide defendants with discovery to which they are not entitled and may, in fact, diminish the effectiveness of those questions when posed to defendants' character witnesses. It is appropriate, in any event, to require the government to disclose, prior to beginning its cross examination of any character witness, the nature of and good-faith basis for any questions regarding specific instances of conduct.

Accordingly, for the reasons stated from the Bench, and for good cause,

It is hereby **ORDERED** that defendants' joint motion *in limine*, insofar as it seeks to preclude use of guilt-assuming hypotheticals during cross examination of defendants' character witnesses, is **DENIED AS MOOT** based on the government's representation that it does not intend to use such guilt-assuming hypotheticals.

It is further **ORDERED** that defendants' request for pretrial disclosure of those specific instances of conduct about which the government intends to inquire during cross examination of defendants' character witnesses is **DENIED**,[1] as the government may inquire into relevant specific instances of conduct pursuant to Rule 405(a) so long as the government, in a Bench conference prior cross examination of a defense character witness, discloses the nature of and good-faith basis for its

---

[1] This Order does not address the competency or relevance of defendants' character witnesses.

inquiry, at which time any other evidentiary concerns will be addressed.

The Clerk is directed to send a copy of this Order to all counsel of record.


Alexandria, Virginia
December 3, 2008

_____
T. S. Ellis, III
United States District Judge