IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:08cr12 |
| | ) | |
| LINDA WOOLF, and | ) | |
| DAVID GENGLER | ) | |

## ORDER

The matter came before the Court for a hearing on (i) defendants' joint motion *in limine* to exclude evidence of trading losses experienced by Teach Me to Trade ("TMTT") customers, pursuant to Rules 402 and 403, Fed. R. Evid. (Docket No. 104); and (ii) the government's motion *in limine* to exclude testimony by satisfied TMTT customers, pursuant to Rule 402 (Docket No. 108).

During the course of the hearing, the government represented that it intends to offer evidence during its case-in-chief that defendants made specific misrepresentations to customers that include, *inter alia*, (i) statements about past rates of success by TMTT customers; and (ii) promises about future, expected rates of return for those customers who attended defendants' seminars. Thus, the government argued that evidence of trading losses may be relevant at trial for two purposes: (i) to prove the falsity of the claims of prior customer success, by showing that prior TMTT customers did not, in fact, experience the rates of success that defendants represented those customers had experienced; and (ii) to prove the falsity of defendants' specific promises regarding rates of return to customers who attended defendants' seminars, by demonstrating that the promised rates of return did not come to fruition.

With respect to the first purpose of trading-loss evidence proffered by the government—to prove the falsity of claims regarding past success—it is clear that testimony regarding trading losses suffered by TMTT customers *prior* to defendants' representations about those customers rates of success is highly relevant, as such evidence tends to show that defendants' representations about past rates of success were false. Similarly, defendants may seek to adduce relevant evidence of past trading gains that support defendants' claims of past customer success.

With respect to the government's second proffered purpose—to prove the falsity of alleged promises regarding future rates of return—it is also clear that false promises are actionable under the federal mail and wire fraud statutes. *See Neder v. United States*, 527 U.S. 1, 24 (1999) (observing the Supreme Court's prior *rejection* of the argument that the mail fraud statute, identical in all relevant respects to the wire fraud statute, requires "a misrepresentation as to some existing fact and not a mere promise as to the future" (quoting *Durland v. United States*, 161 U.S. 306, 313 (1986))); *United States v. Godwin*, 272 F.3d 659, 667 (4th Cir. 2001) (upholding the sufficiency of the evidence in a mail fraud prosecution, in part based on evidence that "defendants made a series of promises to investors that their investments would be risk-free, guaranteed, and would earn interest rates at rates of return up to 300%"). Moreover, the Fourth Circuit has held evidence that such promises were not ultimately fulfilled is relevant when assessing the sufficiency of the evidence in a wire or mail fraud prosecution for false promises. *See Godwin*, 272 F.3d at 667 ("Significantly, none of these promises were ever fulfilled."). Here, evidence of trading losses incurred by those who attended defendants' seminars and subsequently engaged in stock market trading is clearly relevant, *provided that* the government first adduces evidence that an actionable promise was made. Additionally, evidence proffered by defendants' as to trading gains by customers may be similarly

relevant to rebut the trading-loss evidence adduced by the government. But insofar as evidence of trading losses or gains is relevant, it should be limited to testimony by a witness (i) that a particular promise was made, and (ii) whether that promise was fulfilled.

Finally, with regard to the government's motion *in limine* to exclude testimony of satisfied customers, it is clear that subjective, opinion testimony by a customer *about that customer's ultimate satisfaction*—unlike the factual testimony about prior success rates or promises of future return discussed *supra*—is not relevant. *See United States v. Bereano*, Nos. 95-5312, 95-5395, 1998 WL 553445, at *4 (4th Cir. April 28, 1998) (unpublished) ("The perception of the victim or target of the scheme is ultimately irrelevant to whether [the defendant] devised a scheme, or acted with the requisite intent to defraud." (citing *United States v. Brien*, 617 F.2d 299, 311 (1st Cir. 1980); *United States v. Maxwell*, 9820 F.2d 1028, 1036 (D.C. Cir. 1990); *United States v. Bryza*, 522 F.2d 414, 422 (7th Cir. 1975); *see also United States v. Ciccone*, 219 F.3d 1078, 1082–83 (9th Cir. 2000) (observing distinction between permissible, factual evidence by customers bearing on an element of offense and impermissible, "uninformed opinion of the [alleged] victims") (distinguishing *United States v. Thomas*, 21 F.3d 418, 419–22 (9th Cir. 1994) and citing *United States v. Elliott*, 62 F.3d 1304, 1308 (11th Cir. 1996) (upholding exclusion of customer satisfaction evidence)); *United States v. Biesiadecki*, 933 F.2d 539, 544 (7th Cir. 1991) (evidence of customer satisfaction "improperly shift[s] the jury's attention away from the knowledge and intent of [defendant] and focus[es] [it] instead on the beliefs of the victims of the alleged scheme to defraud").

Accordingly, for the reasons stated from the Bench, and for good cause,

It is hereby **ORDERED** that defendants motion *in limine* to exclude evidence of trading losses is **DENIED**, insofar as the government may offer evidence of trading losses—and likewise,

the defendants may offer evidence of trading gains—*provided that* the adduced evidence is preceded by an appropriate foundation *either* (i) that defendants made an alleged misrepresentation regarding prior customer rates of success, and that the proffered evidence of trading losses or gains occurred prior to that alleged misrepresentation; *or* (ii) that defendants made a specific alleged promise about future, expected rates of return to a customer, and that the proffered testimony regarding trading losses or gains is limited on direct examination to *whether the promise was fulfilled*.[1]

It is further **ORDERED** that the government's motion *in limine* to exclude testimony by satisfied customers is **GRANTED**, insofar as neither party may offer opinion testimony by TMTT customers regarding whether those customers were satisfied with TMTT services.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
December 3, 2008

/s/
T. S. Ellis, III
United States District Judge

---

[1] It is important to observe that each foray into evidence about a particular individual's trading losses or gains must be predicated upon an appropriate foundation and must comport with all other evidentiary requirements, including, *inter alia*, Rule 403.